# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 4, 1928.

HOWELL H. THOMAS
VS.
JACOB MIZEN, ET AL.

*Clarence K. Bowie* and *G. Ridgely Sappington* for petitioner.

*Randolph Barton, Jr.*, and *William Edgar Byrd* for defendants.

O'DUNNE, J.—

The question involved is whether a deficiency decree may now be entered against the original mortgagor.

The reasons urged against the present validity of such action are these: That at the first sale, held under foreclosure proceedings, the price at which the property was bid in was nominally sufficient in amount (if the purchase price had been actually paid) to have paid the indebtedness and costs of foreclosure. The corporate purchasers defaulted in making settlement and it seems had assets consisting of only the amount of its deposit to qualify as bidder.

The property was then ordered *resold* at the risk of the purchaser, and on said resale brought very much less, and the present application is for a decree in personam for deficiency of some $5,800 against Mizen and wife, original mortgagors.

Defendant's counsel contend that Central Ice Co. vs. Refrigerating Co., 120 Md. at 458, is authority for the proposition that under such circumstances the mortgagees can look only to the purchaser at the first sale; and they further contend that as the property was ordered resold at the *risk* of the purchaser, it was sold *as his property* and the mortgagors are released.

The Court, in 120 Md. at 458, does say:

"They (trustees) can, and should, in all cases where there are doubts of the good faith or solvency of the purchaser, require security for the compliance with the terms of sale, and that, before the sale is ratified. By observing this precaution all danger of imposition, such as is here complained of, is at once effectually avoided."

However broad that language is, after all, it is language applicable only to the peculiar facts of *that* case.

In principle, it seems to me, the proposition contended for by the defendants, cannot be sound. If so, how easy it would be at times of a depression in real estate market, such as we are now experiencing in Baltimore, for a mortgagor debtor in foreclosure proceedings to inspire some friend interested in salvaging him from financial losses, to incorporate a company, with limited or nominal assets (sufficient only to make requisite deposits to qualify as bidder at sales) to thus become the purchaser, and then default in further payments, have the property resold at risk of such corporate purchaser and by this simple process wipe out the debt of the mortgagor.

In principle every resale is made under the original decree of foreclosure and for the purpose of disposing of the assets pledged for the purpose of liquidating the indebtedness of the mortgagor. Ordinarily it is supposed the property pledged is ample security for the debt, and that there will be no occasion to go back on the debtor for any personal liability. But the liability is that of the debtor. The property mortgaged is but tangible security for the payment of the debt. If the security vanishes (by destruction of the property, or destruction pro tanto

of the value by depreciation of real estate values), the *obligation* of the debtor to pay is ever present until the debt is paid, and it seems to me no mere resale at risk of purchaser can, in equity, wipe. out this ever-subsisting both legal and moral obligation. I think a careful reading of Werner vs. Clark, 108 Md. 627, sustains this view.

Wherefore, decree in personam against the original debtors for the deficiency will be signed on presentation.